(No. 81-CC-2195–)

THOMAS J. SNEED and BARBARA A. SNEED, Claimants, *v.*
THE STATE OF ILLINOIS, Respondent.

*Opinion filed April 20, 1983.*

*Order on denial of rehearing filed January 23, 1984.*

THOMAS J. SNEED, *pro se*, for Claimants.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER,
Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This is a cause of action brought pursuant to section
8, paragraph (d) of the Court of Claims Act (Ill. Rev.
Stat. 1983, ch. 37, par. 439.8 (d)), for property damage
sustained by Claimants as a result of actions by a
contractor for the State of Illinois in removing dirt from a
roadway adjacent to Claimants' property permitting
water from a flood to enter upon Claimants' property
and destroy Claimants' trees and fruit crops.

The facts in this case, as disclosed by the record, are
as follows. Claimants owned property directly south of a
road called Sears Roebuck Road. Until the removal of
the dirt by Respondent, it is evident from the record that
the natural flow of water was not across Claimants'
property. The record is completely devoid of any in-
formation as to when this road was constructed, who
constructed it, or how long it had been constructed. The
evidence does show that it had been in existence for a
considerable period of time and, as a result of its

construction, it changed the natural flow of water and afforded protection to Claimants' property so that they were not flooded at times when they might otherwise have suffered damage. The evidence is clear that construction work, under the control of Respondent, removed part of this road and, as a result, flood water entered upon Claimants' property and caused the damage complained of.

It is Respondent's contention that the State has no obligation to protect unnatural barriers such as the Sears Roebuck Road from the actions of its contractors, thereby changing the flow of water. Respondent cites law to the effect that the owner of a dominant estate is entitled to the uninterrupted flow of surface waters from its property to lower or servient lands. There is no question but that this is the law of the State of Illinois. In this case, however, we find that the natural flow of water had been altered by the construction of the road in question by parties unknown as far as this record is concerned and the period of its existence is also unknown.

Respondent did not cite any law to the effect that the removal of a barrier such as the one in the present case which caused Claimants' damage is allowable. With the absence of such citations, it appears the action of the State was the proximate cause of the damage in question.

The record is clear that Claimants' personal property, trees and crops were damaged and Claimants were required to do extensive work with their own equipment to repair the damage and restore dirt to the road area.

The Court cannot accept Respondent's contention that it may destroy or alter "unnatural impediments to water flow" without regard to the consequences to

persons and property owners who relied on the presence of such impediments to natural water flow to protect their property therefrom. Respondent did not offer any evidence or explanation showing it had the right to remove that portion of the Sears Roebuck Road and did admit that the removal was by Respondent's contractor. The only evidence submitted was to the value of the property and the damage sustained by Claimant which was in the amount of $2,170.00.

An award is hereby entered in favor of Claimants in the amount of $2,170.00.

## ORDER ON DENIAL OF REHEARING

This matter comes before the Court upon motion of Respondent for rehearing.

Under date of April 20, 1983, an award was entered by this Court in favor of Claimants. Oral argument was held in this cause on November 8, 1983.

The Court, having heard oral argument and read the briefs submitted in said cause, is of the opinion that its original order granting an award in favor of Claimants was correct.

Respondent's petition for rehearing is hereby denied and the original award in the amount of $2,170.00 is confirmed.